**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 13-57(3) (JRT/KMM) |
| Plaintiff, | Civil No. 18-1376 (JRT) |
| v. | **ORDER** |
| ISHMAEL KOSH, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415; Thomas W. Flynn, Trial Attorney, **UNITED STATES DEPARTMENT OF JUSTICE**, Tax Division, 601 D Street N.W., Room 7018, Washington, District of Columbia 20004, for plaintiff.

Ishmael Kosh, No. 47493-177, Dalby Correctional Facility, 805 North Avenue F, Post, Texas 79356, *pro se* defendant.

Ishmael Kosh is serving a fifty-two month term of imprisonment. Kosh brings a motion to set aside his judgment pursuant to 28 U.S.C. § 2255 due to the actions and failures of his defense counsel. Kosh's allegations, even if taken as true, do not warrant an evidentiary hearing because they are conclusory, contradicted by the record, or fail to establish grounds that warrant relief. Thus, the Court will deny Kosh's § 2255 motion without an evidentiary hearing.

# BACKGROUND

On April 22, 2014, a grand jury returned a seventy-five count second superseding indictment against Kosh and three codefendants for conspiracy to defraud the United States, aggravated identity theft, and aiding and assisting in the preparation and presentation of false and fraudulent income tax returns. (Superseding Indictment ("Indict.") ¶¶ 16-37, April 22, 2014, Docket No. 118.) Kosh pleaded not guilty and his case was tried before a jury. (Minutes, Aug. 21, 2015, Docket No. 250.)

Kosh and his codefendants opened several storefronts where they offered tax preparation services. (Indict. ¶ 1.) As part of these services, Kosh prepared and filed false income tax returns by claiming false business income and expenses on Schedule Cs, false dependents, and other deductions, exclusions, income, and losses that were not allowed by law. (*Id.* ¶¶ 19-21.) During trial, Kosh presented an innocent belief defense to the charges of adding false dependents onto income tax returns he prepared. Specifically, Kosh stated that he believed adding false dependents was legal. (Trial Tr. Vol. IV at 848:14-848:20, June 8, 2016, Docket No. 383.) He believed this because his codefendant, Chatonda Khofi, had told him that it was okay. (*Id.* at 848:21-849:1.) Kosh believed Khofi was trustworthy because "[h]e is an older person to me and very successful, and you know, I feel privileged to be around Khofi . . . . Especially when [they] have knowledge more than you, you respect them." (*Id.* at 857:19-857:25.) Kosh's trial counsel stated in opening statement, "[Kosh] did not willfully violate the law. Mr. Kosh's big mistake in this case is that he trusted and respected Mr. Khofi when Mr. Khofi told him that it was legal to broker dependents." (Trial Tr. Vol. I at 26:11-26:14, June 8, 2016, Docket No. 380.)

At trial, Kosh also denied having any involvement with the preparation of Schedule Cs related to fraudulent claims of business income and loss. (Trial Tr. Vol. IV at 853:14-853:16.) Kosh claims that he denied involvement because his trial counsel, during opening statement, stated that Kosh had nothing to do with the preparation and filing of false Schedule Cs. (Mot. to Vacate at 6, May 18, 2018, Docket No. 463.) Kosh's trial counsel did make such a statement. (Trial Tr. Vol. I at 35:13-35:20.) Further, Kosh claims that he specifically told his trial counsel before trial that he had been involved in preparing and filing the false Schedule Cs. (Mot. to Vacate at 6.)

On September 1, 2015, a jury found Kosh guilty of Counts 1, 8, 9, and 11-16 related to conspiracy to defraud the United States and aiding in the preparation and presentation of false and fraudulent income tax returns. (Verdict Form ¶¶ 1, 4, 5, 17-12, Sep. 1, 2015, Docket No. 272.) Kosh's trial counsel failed to renew Kosh's Rule 29 motion for a judgment of acquittal after the jury verdict.

## DISCUSSION

**I.   SECTION 2255**

Section 2255(a) permits a federal prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Such relief "is reserved for transgressions of constitutional rights and for a narrow range of

injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II. KOSH'S CLAIMS

Kosh raises four grounds in his § 2255 motion to set aside the verdict. First, Kosh states that his defense counsel failed "to present evidence at trial that could have reasonably changed the outcome of defendant's trial." (Mot. to Vacate at 6.) Kosh argues that, had his defense counsel correctly told the jury that Kosh did in fact prepare fraudulent Schedule Cs, "there would have been a reasonable probability of a different result." (*Id.*) Second, Kosh claims that his defense counsel coerced him into testifying that he did not prepare Schedule Cs to support the errant statement made by defense counsel in opening. Third, Kosh contends that this coercion created a conflict of interest between him and defense counsel. Lastly, Kosh states that defense counsel erroneously failed to renew Kosh's Rule 29(c) motion for a judgment of acquittal at the close of all evidence. Because each of these separate grounds allege failures of trial counsel, the Court will construe them as a claim by Kosh for ineffective assistance of counsel.

### A. Ineffective Assistance of Counsel

A party claiming ineffective assistance of counsel must establish (1) that the attorney's performance "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688,

694 (1984). With regard to the first prong, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. With regard to the second prong, a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "A finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective—[a court] need not first make a determination regarding deficiency." *Holder v. United States*, 721 F.3d 979, 987 (8th Cir. 2013).

### 1. Kosh's Testimony Concerning Schedule Cs

Kosh makes three arguments related to his testimony on Schedule Cs. First, that Kosh's defense counsel coerced him into testifying falsely that he had no involvement in the preparation of Schedule Cs. Second, that this false testimony prevented him from bringing a defense of innocent belief that could have created a reasonable probability of a different result. And, third, that this created a conflict of interest between Kosh and his trial counsel. Again, the Court will interpret all three arguments as a claim of ineffective assistance of counsel.

The Court finds that Kosh was not prejudiced by his false testimony, and thus, will deny the motion to vacate on this ground. Adding false dependents to returns involved assigning real dependents to the returns of people who did not qualify to claim those dependents as their own. The preparation and filing of false Schedule Cs, on the other

hand, required the creation of fake businesses, fake income, and fake deductions that never existed. Kosh presented a defense of innocent belief as to adding false dependents to returns, and the jury still returned guilty verdicts with respect to those counts. The Court finds it implausible, then, that should Kosh have been allowed to testify to his participation and innocent belief as to the legality of preparing and filing false Schedule Cs, the jury would have believed that defense when they rejected a more credible defense related to false dependents.

### 2. Failure to Renew Rule 29(c) Motion

Kosh argues that his trial counsel's failure to renew his Rule 29 motion for judgment of acquittal subjected him to a higher standard of review on appeal. The Court finds that Kosh was not prejudiced by the failure to renew the Rule 29(c) motion. Kosh's appeal was subjected to the clear error standard, as opposed to the sufficiency of the evidence standard as it would have been had he renewed his Rule 29 evidence. However, even on sufficiency of the evidence review, a reviewing court reviews the evidence de novo, and examines the evidence "in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences. [A court] will reverse the jury verdict only if no reasonable jury could have found the [the defendant] guilty." *United States v. Foxx*, 544 F.3d 943, 949 (8th Cir. 2008) (quoting *United States v. Montano*, 506 F.3d 1128, 1132 (8th Cir. 2007)). Here, the United States provided testimony showing Kosh's involvement in the alleged schemes, specifically in adding false dependents to tax returns, and preparing and filing false Schedule Cs. (*See generally* Trial Tr. Vols. I-V, June 8, 2016, Docket Nos. 380-384.)

Even under this more lenient standard the jury verdict is given significant weight, and the Court finds that the United States presented sufficient evidence to support Kosh's conviction. Thus, the Court will deny the motion to vacate under this ground.

## III.   CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under § 2253, the Court finds that Kosh has not shown that reasonable jurists would find the issues raised in the § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a Certificate of Appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 463] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 30, 2018         _____s/John R. Tunheim_____
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       Chief Judge
       United States District Court